IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRED L. KURTH D/B/A | § | |
| SHERWOOD PARTNERSHIP | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. 7:14-cv-00455 |
| v. | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| RICHARD FREYMANN AND | § | |
| RICHARD LEE WALLIS, | § | |
|     Defendants. | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants State Farm Lloyds ("State Farm") and Richard Lee Wallis file this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56a(c), because the appraisal is now complete, and State Farm's timely issued payment of the appraisal award entitles Defendants to summary judgment on Plaintiff's contractual and extra-contractual claims.

### I.
### SUMMARY

1.    Plaintiff brought this suit against Defendants alleging various claims concerning damage to his rental dwelling from a storm occurring on March 29, 2012. Plaintiff invoked the appraisal provision of the Rental Dwelling Policy. Broadly speaking, the appraisal provision allows either party to invoke a process by which the amount of the loss is determined by agreement of appraisers or, if necessary, an umpire mutually agreed to by the appraisers or appointed by the court. The amount of loss in this case was set by one of the appraisers and the umpire mutually agreed to by the appraisers. State Farm timely issued payment of the appraisal award. Payment of the

appraisal award resolves and disposes of all claims in this lawsuit. Plaintiff is estopped from maintaining a breach of contract claim as a matter of law based on State Farm's timely issued payment of the appraisal award. Additionally, Plaintiff cannot recover extra-contractual damages because he has not lost any policy benefits, and he has not suffered any independent injury causing damages beyond or apart from his claim for policy benefits.

## II.
## SUMMARY JUDGMENT EVIDENCE

2. In support of this motion, State Farm attaches the following summary judgment evidence filed herewith and incorporated by reference as if fully set forth herein:

Exhibit A: Plaintiff's Rental Dwelling Policy, with Business Records Affidavit

Exhibit B: Affidavit of Claim Specialist Lacey George

- Exhibit B-1: State Farm Claim Activity File Notes Excerpts
- Exhibit B-2: August 1, 2012, State Farm Letter and Estimate
- Exhibit B-3: March 4, 2015, Plaintiff's Appraisal Demand
- Exhibit B-4: March 24, 2015, State Farm's Designation of Appraiser
- Exhibit B-5: Appraisal Award
- Exhibit B-6: June 7, 2017, State Farm Letter Issuing Payment of Appraisal Award

Exhibit C: *Nat'l Sec. Fire & Cas. Co. v. Hurst*, No. 01-15-00252, at *5-10 (Tex. App.—Houston [14th Dist.] May 23, 2017, no pet. h.)

Exhibit D: *Carroll v. State Farm Lloyds,* No. H-16-1626- (S.D. Tex. June 28, 2017, Memorandum and Order, Judge Nancy Atlas)

## III.
## UNDISPUTED FACTS

3. At the time of loss, the rental dwelling owned by Plaintiff was insured under a State Farm Rental Dwelling Policy for approximately $105,023.00 (Coverage A Rental Dwelling Limits).[1] On or about July 23, 2012, a claim was reported for damage to Plaintiff's rental dwelling from a weather event occurring on March 29, 2012.[2] State Farm spoke with Plaintiff's property manager on July 25, 2012, to obtain additional information regarding the loss and schedule an inspection of the property.[3]

4. Independent Adjuster Richard Wallis inspected the property on August 1, 2012 with the tenant that occupied the rental dwelling present.[4] State Farm estimated storm damage to the dwelling in the amount of $687.01, replacement cost value, which was below the Policy's $1,050.00 deductible.[5] At the end of the inspection, Mr. Wallis contacted a representative of Sherwood Partnership and explained to this representative his findings and the estimate. On or about August 1, 2012, State Farm sent Plaintiff a letter enclosing State Farm's estimate and explaining that the loss was below the Policy's deductible and, thus, no payment would be made.[6] State Farm heard nothing further from Plaintiff regarding this claim until it was served with the lawsuit on or about May 9, 2014.

---

[1] *Ex. A*, Plaintiff's Policy with Business Records Affidavit.
[2] *Ex. B*, Affidavit of Lacey George at ¶ 5; *Ex. B-1*, Claim Activity File Notes Excerpts.
[3] *Id.*
[4] *Id.*
[5] *Id.*; *Ex. A*, Policy; *Ex. B-1*, Claim Activity File Notes Excerpts; *Ex. B-2*, State Farm Estimate.
[6] *Ex. B* at ¶ 6; *Ex. B-2*, State Farm Letter and Estimate.

5.      Plaintiff filed this lawsuit against State Farm and Richard Lee Wallis, without any pre-suit demand or notice.[7]  On March 4, 2015, Plaintiff demanded appraisal and designated Shannon Cook as appraiser.[8]  On March 24, 2015, State Farm responded to the appraisal demand and designated Darrell Edwards as appraiser.[9] The appraisers selected Cecil Parker to serve as umpire.[10]

6.      On June 5, 2017 State Farm received the appraisal award signed by appraiser Darrell Edwards and umpire Cecil Parker, setting the amount of loss at $10,944.26, on a replacement cost basis, and $10,156.47, on an actual cash value basis.[11]  On June 7, 2017, State Farm timely issued to Plaintiff, through his counsel, payment of the award (less depreciation and deductible) in the amount of $9,106.47.[12] In the payment letter, State Farm extended the period for Plaintiff to claim replacement cost benefits of $787.79 until February 2, 2019, if he completes repairs/replacement of the damaged property identified in the appraisal award and submit appropriate documentation of the completed repairs/replacement within thirty (30) days after the work is completed.[13]  To date, Plaintiff has not submitted any repair documentation or requested release of the replacement cost benefits.[14]

---

[7]   Plaintiff's Original Petition.  Plaintiff's claims against Richard Lee Wallis are derivative of, and based on, the same facts as the claims asserted against State Farm.

[8]   *Ex. B* at ¶ 8; *Ex. B-3*, Plaintiff's Appraisal Demand.

[9]   *Ex. B* at ¶ 8; *Ex. B-4*, State Farm's Designation of Appraiser.

[10]  *Ex. B* at ¶ 8.

[11]  *Ex. B* at ¶ 9; *Ex. B-5*, Appraisal Award.

[12]  *Ex. B* at ¶ 10; *Ex. B-6*, State Farm Letter Issuing Payment of Appraisal Award.

[13]  *Id*.

[14]  *Ex. B* at ¶ 10.

# IV.
# ARGUMENT AND AUTHORITIES

**A.    State Farm's payment of the appraisal award estops Plaintiff from maintaining a breach of contract claim.**

7.    Under the appraisal provision in Plaintiff's Rental Dwelling Policy, the parties agreed that appraisal would set the amount of loss – the amount of all potentially recoverable policy benefits. It is well-settled that no breach of contract occurs and no additional policy benefits are due when the insurer pays all damages determined by the appraisal.[15] That is because "[t]he effect of an appraisal award is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."[16]

8.    Here, no question as to liability remains because State Farm has paid the appraisal award and Plaintiff, therefore, is not entitled to any additional policy benefits.  Under Texas law, a contract claim does not survive the insurer's payment of

---

[15]    *Scalise v. Allstate Texas Lloyds*, No. 7:13-CV-178, 2013 U.S. Dist. LEXIS 179692, at *14 (S.D. Tex. Dec. 20, 2013) (citing *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App. – Corpus Christi 2004, pet. denied) (insurer complied with every requirement of contract where it participated in appraisal process and paid amount set by appraisers and umpire)); *see also Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2014 U.S. Dist. LEXIS 135939, at *44 (N.D. Tex. Sept. 26, 2014) (quoting *Scalise*); *Caso v. Allstate Tex. Lloyds*, No. 7:12-CV-478, 2014 U.S. Dist. LEXIS 15279, at *14-24 (S.D. Tex. February 7, 2014) (finding insured's payment of appraisal award estopped insured's breach of contract claim); *Waterhill Cos. v. Great Am. Assur. Co.*, No. H-05-4080, 2006 U.S. Dist. LEXIS 15302, at *7 (S.D. Tex. March 16, 2006) (insurer did not breach contract when it paid appraisal award); *Anderson v. Am. Risk Ins. Co., Inc.*, No. 01-15-00252 CV, 2016 Tex. App. LEXIS 6538, at *9-12 (Tex. App.—Houston [1st Dist.] June 21, 2016, no pet.) (affirming summary dismissal on insured's entire lawsuit based on the insurer's timely payment of the appraisal award); *Garcia v. State Farm Lloyds*, No. 04-16-00209-CV, 2016 Tex. App. LEXIS 13194, at *31–32 (Tex. App.—San Antonio December 14, 2016, pet. denied) (same); *Carroll v. State Farm Lloyds,* No. H-16-1626- (S.D. Tex. June 28, 2017, Memorandum and Order, Judge Nancy Atlas) (Exhibit D).

[16]    *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683 (Tex. App.—Dallas 1996, writ denied); *see also Garcia*, 2016 Tex. App. LEXIS 13194, at *8; *Lundstrom v. USAA*, 192 S.W.3d 79, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (citing *Franco v. Slavonic Mut. Fire Ins.*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

an appraisal award. For instance, in *Franco v. Slavonic Mutual Fire Insurance*, the insureds, after invoking appraisal, subsequently alleged that "payment of an appraisal award is not dispositive of the Franco Family's entire breach of contract cause of action against Slavonic Mutual."[17] The appellate court disagreed, holding that because the insurer paid the full amount of the appraisal award, the insureds were estopped from maintaining a breach of contract claim against the insurer.[18] In *Nat'l Sec. Fire & Cas. Co. v. Hurst*, the Fourteenth Court of Appeals recently reaffirmed *Franco* and rendered a take-nothing judgment on an insured's breach of contract claim after the insurer paid the full amount of the appraisal award.[19]

9. In *Anderson v. American Risk Insurance Co., Inc.*, the insurer demanded appraisal after suit was filed and paid the insured $33,412.68 under the award.[20] The First Court of Appeals held that "[b]y payment of the full amount of an appraisal award, the insurer 'complie[s] with every requirement of the contract, [and] it cannot be found to be in breach.'"[21] Similarly, in *Garcia v. State Farm Lloyds*, the Fourth Court of Appeals recently held payment of the appraisal award disposes of the contract claim and further held that any discrepancy between the initial estimate and the appraisal award cannot

---

[17] *Franco*, 154 S.W.3d at 787.

[18] *Id.; see also Burks v. Metropolitan Lloyds Ins. Co.,* No. H-14-591, 2015 U.S. Dist. LEXIS 88729, at * 9-11 (S.D. Tex., July 8, 2015); *Stewart v. Geovera Specialty Ins. Co.*, No. H-14-3162 (S.D. Tex. Oct. 21, 2015, Memorandum and Order, Judge Ewing Werlein, Jr.) (attached as *Exhibit C*.) (timely payment of appraisal award entitled insurer to summary judgment on all claims, including Chapter 542 prompt payment claim); *Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 143-44 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (same).

[19] *Nat'l Sec. Fire & Cas. Co. v. Hurst*, No. 01-15-00252, at *5-10 (Tex. App.—Houston [14th Dist.] May 23, 2017, no pet. h.) (Exhibit C).

[20] *Anderson v. Am. Risk Ins. Co., Inc.*, No. 01-15-00252 CV, 2016 Tex. App. LEXIS 6538, at *4, *6-7 (Tex. App.—Houston [1st Dist.] June 21, 2016, no pet.).

[21] *Id*. at *10-11 (quoting *Breshears*, 155 S.W.3d at 343).

be used as evidence of a breach of contract.[22] Simply put, compliance with the contractual appraisal award negates any claim for breach of contract as a matter of law. Like the insurers in *Franco, Hurst*, *Anderson*, and *Garcia*, State Farm fully participated in the appraisal process and timely issued payment of the appraisal award. By payment of the appraisal award, Plaintiff has received the full extent of all recoverable benefits under the Policy.[23] Accordingly, as a matter of law, there is no breach of contract and no right to additional policy benefits. State Farm is entitled to summary judgment on Plaintiff's breach of contract claim.[24]

**B.   There are no fact issues that prevent summary judgment on Plaintiff's breach of contract claim because Plaintiff can repair the loss in order to recover replacement cost benefits.**

10.   "[C]ourts across the country . . . have universally held that [a replacement cost provision] requires repair or replacement of the destroyed property before the insured is entitled to recover replacement cost damages."[25] Replacement cost benefits

---

[22]   *Garcia*, 2016 Tex. App. LEXIS 13194, at *31–32.

[23]   *Hurst*, No. 14-15-00714, at *12 (Tex. App.—Houston [14th Dist.] May 23, 2017, no pet. h.) ("It is undisputed that Hurst had a right to receive benefits under the insurance policy, and we have held that he received those benefits in the form of National's initial payment and subsequent tender of the appraisal award.").

[24]   *See Anderson*, 2016 Tex. App. LEXIS 6538; *Franco*, 154 S.W.3d 777; *see also Michels v. Safeco Ins. Co. of Ind.*, 544 Fed. Appx. 535, 542 (5th Cir. 2013) (affirming district court's granting of insurer's motion for summary judgment after payment of the appraisal award); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co., et al.*, No. 05-14-01491 CV, 2016 Tex. App. LEXIS 3267, at *17 (Tex. App.—Dallas, March 30, 2016, pet. pending) (affirming summary judgment for carrier); *Breshears*, 155 S.W.3d at 345 (holding insurer entitled to summary judgment on insured's breach of contract claim because the insurer participated in the appraisal process and paid the appraisal award); *Toonen v. United Servs. Auto Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding insurer was entitled to summary judgment on breach of contract claim because it tendered appraisal award pursuant to the contract); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App.—San Antonio 1994, no writ) (holding trial court erred by allowing a trial of a breach of contract claim after insurer promptly paid an appraisal award).

[25]   *Fitzhugh 25 Partners, L.P. v. KILN Syndicate KLN 501*, 261 S.W.3d 861, 863 (Tex. App.—Dallas 2008, pet. denied); *see also Lerer Realty Corp. v. MFB Mut. Ins. Co.*, 474

insure against the risk that repairing or replacing property will cost more than the actual cash value of the property. Actual cash value is the value of the property in its depreciated state. "[R]eplacement cost coverage insures against the expected depreciation of the property."[26] Thus, replacement cost benefits place an insured in a better position than before the loss. For this reason, most replacement cost policies require actual repair or replacement of the damaged property as a condition precedent to recovery."[27]

11.     Here, the Policy states "until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss" and "when the repair or replacement is *actually completed*, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property."[28] The Policy allows two years for these repairs: "[T]o receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the

---

F.2d 410, 413 (5th Cir. 1973) ("If restoration is made, then, and only then, the liability of MFB would be calculated under the endorsement."); *Devonshire*, No. 3:12-CV-2199-B, 2014 U.S. Dist. LEXIS 135939, at *44 ("Here, the plain language of the parties' contract dictates that Devonshire may only recover on a replacement cost basis *after* it has completed repairs.") (emphasis in original); *Cent. Mut. Ins. Co. v. White Stone Props.*, No. A-12-CA-275-SS, 2014 U.S. Dist. LEXIS 35797, at *15 (W.D. Tex. Mar. 19, 2014) (noting that "courts have routinely enforced replacement cost provisions") (citations omitted); *O'Quinn v. Gen. Star Indem. Co.*, No. 1:13-CV-471, 2014 U.S. Dist. LEXIS 107484, at *19 (E.D. Tex. Aug. 5, 2014) (Giblin, Mag. J.) ("An insured cannot recover repair or replacement costs until he or she actually repairs or replaces the insured structure."); *Ghoman v. N.H. Ins. Co.*, 159 F. Supp. 2d 928, 932 (N.D. Tex. 2001) ("Obviously, an insured cannot recover repair or replacement costs unless and until he actually repairs or replaces the insured structure.") (citations omitted) (Kaplan, Mag. J.).

[26]    *D&S Realty, Inc. v. Markel Ins. Co.*, 816 N.W.2d 1, 15 (Neb. 2012).

[27]    *Id.*

[28]    *Ex. A*, at Section 1 – Loss Settlement, State Farm __PROD__000024-000025.

damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed."[29]

12. It is undisputed that Plaintiff has not repaired the loss identified in the appraisal award. Until he does, he is not entitled to replacement cost benefits under the Policy. When State Farm paid the appraisal award it notified Plaintiff that he would have to repair the property by February 2, 2019 – almost seven years from the date of loss—to recover the depreciation included in the award amount.[30] Thus, Plaintiff has been given at least (and actually more than) the full benefit of the two-year replacement cost period in the Policy based on State Farm's exclusion of the time period from its first inspection to the date the award was paid.

13. With the extended time period to perform repairs, Plaintiff retains the ability to recover replacement cost benefits—subject to the contractual condition precedent of performing actual repairs. But allowing Plaintiff to recover replacement cost benefits without completing repairs vitiates the contract and improperly gives Plaintiff a windfall because the parties went to appraisal:

> It is the act of replacing the property that causes the insured to suffer an additional loss for which he purchased additional coverage. To allow an insured to recover replacement costs in the absence of actual replacement would permit the insured to recover for a loss he has not suffered. Accordingly, we conclude that [the insured] was required to replace the damaged property as a condition precedent to its recovery under the policy and that its failure to do so negates its entitlement to recover replacement costs.[31]

14. The universal enforcement by courts of replacement cost provisions

---

[29] *Id.*

[30] *Ex. B-6*, State Farm Letter Issuing Payment of Appraisal Award.

[31] *Fitzhugh*, 261 S.W.3d at 864.

requiring repairs be made to recover depreciation avoids putting an insured in a better position than before the loss.

**C.    Without a right to additional policy benefits or an independent injury, Plaintiff cannot maintain any extra-contractual causes of action.**

15.    Because the amount of loss has been determined by appraisal and timely paid, Plaintiff has not sustained any damages that could allow him to maintain any of his extra-contractual causes of action. Plaintiff alleges in his Petition various extra-contractual causes of action against Defendants for violation of Chapters 541 and 542 of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the common law duty of good faith and fair dealing.[32] But the facts giving rise to Plaintiff's extra-contractual causes of action relate solely to State Farm's handling of Plaintiff's insurance claim and Plaintiff's claim for policy benefits. This is precisely the type of dispute that the contractual appraisal clause provides an alternative method to resolve – particularly when the amount of loss determined by appraisal is paid in full.[33] Appraisal set the amount of all recoverable damages under the Policy. Plaintiff is not entitled to any additional policy benefits and he has not alleged any facts that would give rise to an independent injury claim.[34] For these reasons, Defendants are entitled to summary judgment on each of Plaintiff's extra-contractual causes of action.

---

[32]   *See* Plaintiff's Petition at pp. 35-55, 59-73.

[33]   *See Menchaca*, No. 14-0721, 2017 WL 1311752, at *1, FN 2 (Tex. April 7, 2017).

[34]   *See Charla G. Aldous PC v. Lugo*, No. 3:13-CV-3310-L, 2014 U.S. Dist. LEXIS 159684, at *12–13 (N.D. Tex. Nov. 12, 2014) ("There can be no recovery against an insurer for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of that which would have resulted from a wrongful denial of policy benefits").

**(i.) No bad faith or Insurance Code claims without a right to unpaid policy benefits or an independent injury.**

16.     As recently reaffirmed by the Texas Supreme Court in *USAA Texas Lloyds Co. v. Menchaca*, the general rule is that an insured cannot recover policy benefits as extra-contractual damages if no additional benefits are owed under the policy.[35] The only recognized exception occurs when and if the insurer's conduct causes the insured to lose a contractual right to policy benefits.[36] Moreover, an insured cannot recover extra-contractual damages **beyond** policy benefits without demonstrating that the insurer "commit[ed] some act, so extreme, that would cause injury independent of the policy claim."[37] This principle stems from the fact that common law or statutory bad faith is a cause of action that sounds in tort; evidence that merely shows a *bona fide* dispute about the insurer's liability on the contract (like the dispute here) does not rise to the level of bad faith.[38]  Plaintiff's causes of action under section 541.060 of the Insurance Code wholly relate to Defendants' claims handling.[39]  Liability under Texas Insurance Code Chapter 541 is reviewed under the "same standard as a common law bad faith claim," and requires the same predicate for recovery.[40]  Thus, in cases with

---

[35]     No. 14-0721, 2017 WL 1311752, at *4 (Tex. April 7, 2017); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Garcia*, 2016 Tex. App. LEXIS 13194, at *38; *Toonen*, 935 S.W.2d at 941.

[36]     *Menchaca*, No. 14-0721, 2017 WL 1311752, at *9 (Tex. April 7, 2017).

[37]     *Stoker*, 903 S.W.2d at 341; *Toonen*, 935 S.W.2d at 941-42.

[38]     *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17-18 (Tex. 1994); *Garcia*, 2016 Tex. App. LEXIS 13194, at *38; *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 780 S.W.2d 417, 426 (Tex. App.—Texarkana 1989), *aff'd*, 811 S.W.2d 552 (Tex. 1991); *Menchaca,* 2017 WL 1311752, at *4.

[39]     *See* Plaintiff's Petition at Paragraphs 59-64.

[40]     *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (holding "Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas") (citations omitted); *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.,* 906 F. Supp. 2d 642, 649 (S.D. Tex. 2012) (citations omitted); *Douglas v. State Farm Lloyds,* 37 F. Supp. 2d 532, 544 (S.D.

similar facts to those here, courts have repeatedly held that an insurer's payment of an appraisal award bars recovery of extra-contractual claims.[41] This remains true after *Menchaca*. As one example, the Fourteenth Court of Appeals recently relied on *Menchaca* in reversing a trial court judgment awarding extra-contractual damages and rendering a take-nothing judgment on an insured's statutory and common law bad faith claims. The Court held that the tender of the appraisal award precluded recovery of extra-contractual damages because "[the insured] has received the benefits to which he was entitled under the policy and has not alleged any act so extreme as to cause independent injury."[42]

17. Because State Farm timely issued payment of the appraisal award, no additional policy benefits are due, and Plaintiff cannot recover damages under any extra-contractual theory.[43] Defendants did not cause Plaintiff to lose a contractual right to Policy benefits because State Farm has extended Plaintiff's right to recover replacement cost benefits beyond the two-year term set forth in the Rental Dwelling Policy. Moreover, Plaintiff has not alleged any facts which would give rise to an independent injury claim. As the Court in *Menchaca* recognized, "a successful

---

Tex. 1999); *Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.,* 324 S.W.3d 305, 317 (Tex. App. – El Paso 2010, pet. denied); *Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's Inc. Co.,* 287 S.W.3d 461, 648 (Tex. App.—Austin 2009, pet. denied).

[41] *See Bustamante v. State Farm Lloyds*, No. 5:15-CV-184, at *7-8 (S.D. Tex. April 24, 2017) (citing *Menchaca* and holding timely payment of appraisal award barred bad faith and statutory claims); *See also, e.g., Garcia*, 2016 Tex. App. LEXIS 13194, at *37–44; *Anderson*, 2016 Tex. App. LEXIS 6538, at *14-18; *Bernstien v. Safeco Ins. Co.*, No. 05-13-01533-CV, 2015 Tex. App. LEXIS 6699, at *4-5 (Tex. App.—Dallas, June 30, 2015, no pet.); *Toonen*, 935 S.W.2d at 941-942; *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 369 (5th Cir. 2012).

[42] *Hurst*, No. 14-15-00714, at *12-14.

[43] *Ex. B* at ¶¶ 8-10; *Ex. B-6*, State Farm Letter Issuing Payment of Appraisal Award.

independent-injury claim would be rare, and we in fact have yet to encounter one."[44] Thus, Defendants are entitled to summary judgment on Plaintiff's extra-contractual claims.

### (ii) No actionable misrepresentation or fraud.

18. Further, "[e]vidence of proper completion of the appraisal process and tendering of payment" shows there are no genuine issues of material fact for Plaintiff's claims for fraud and conspiracy to commit fraud.[45] The alleged misrepresentations pled by Plaintiff[46] are not actionable as a matter of law.[47] Post-loss misrepresentations, like those alleged by Plaintiff, will not support claims under the Texas Insurance Code or the DTPA.[48] Plaintiff has done nothing in reliance of the alleged post-loss misrepresentations, nor has he been harmed other than the injury which would always

---

[44] *Menchaca,* 2017 WL 1311752, at *9.

[45] *Tabor v. State Farm Lloyds,* No. 7:14-CV-389, at *16 (S.D. Tex. April 9, 2015) (attached as *Exhibit D*); *see also Anderson*, 2016 Tex. App. LEXIS 6538, at *10, *11 and *13 (dismissing insured's Chapter 541 claim and bad faith claim when insurer paid pursuant to an appraisal award and no evidence of an independent injury or untimely investigation was presented by the insured and dismissing insured's fraud claim); *Barry v. Allstate Tex. Lloyds,* No. 4:14-cv-00870, 2015 U.S. Dist. LEXIS 40953, at *15-17 (S.D. Tex. March 31, 2015) (dismissing fraud claim on summary judgment after payment of appraisal award).

[46] Plaintiff's allegations regarding fraud and misrepresentations are set forth in paragraphs 47-55 of Plaintiff's Original Petition.

[47] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (statements about claims being handled professionally "more in the nature of non-actionable puffery than actionable representations of specific material fact"); *Druker v. Fortis Health*, No. 5:06-CV-00052, 2007 U.S. Dist. LEXIS 402, at *13-16 (S.D. Tex. Jan. 4, 2007) (general assurance policy would be honored is not a material misrepresentation that can support a fraud claim); *Avila v. Loya*, No. 07-04-0096-CV, 2005 Tex. App. LEXIS 6324, at *13 (Tex. App.—Amarillo August 10, 2015, no pet.); *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1998) (citing *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979)); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430-31 (Tex. App.—Beaumont 1988, writ denied) (letter to insured opting not to renew policy did not constitute misrepresentation).

[48] *Id.*

occur when an insured is not paid what they contend is due.[49]  Additionally, Plaintiff's conspiracy to commit fraud claim also fails because it is derivative of the underlying fraud claim which fails.[50]

### (iii.) Timely payment of an appraisal award precludes prompt payment damages under Chapter 542 of the Texas Insurance Code.

19.  State Farm received the appraisal award on June 5, 2017, and issued payment of the award on June 7, 2017—within two days after receipt of the award.[51]  By simultaneously notifying Plaintiff that the award would be paid and issuing payment of the appraisal award, and cannot be held liable for prompt payment violations.[52]

20.  Under Texas law, "full and timely payment of an appraisal award precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[53]  In *Anderson*, the Houston Court of Appeals held that "[b]ecause the summary judgment evidence conclusively demonstrates that [the insurer] fully and

---

[49] *See Royal Globe Inc. Co.*, 577 S.W.2d at 694; *Walker v. Fed Kemper Life Assurance Co.*, 828 S.W.2d 442, 453 (Tex. App.—San Antonio 1992, no writ) ("As a result, a post-loss denial of liability for a questionable claim is not actionable under the DTPA or the Insurance Code.").

[50] *See Tilton v. Marshall,* 925 S.W.2d 672, 681 (Tex. 1996).

[51] *Id.*

[52] *See Gabriel v. Allstate Texas Lloyds*, No. 7:13-CV-181, 2013 U.S. Dist. LEXIS 186032, at *13 (S.D. Tex. 2013) (simultaneous notice and payment of appraisal award precluded penalties under Chapter 542); *Scalise*, 2013 U.S. Dist. LEXIS 179692, at *19 (same); *Barbara Techs. Corp. v. State Farm Lloyds*, No. 04-16-00420-CV, at *4 (Tex. App.—San Antonio, April 19, 2017, no pet. h.) (timely payment of an appraisal award precludes an insured from recovering penalties under Chapter 542 as a matter of law).

[53] *Stewart*, No. H-14-3162 at * 8 (attached as *Exhibit C*); *Hurst*, No. 14-15-00714, at *10-11; *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, at 563-64 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *Garcia*, 2016 Tex. App. LEXIS 13194, at *35; *see also Blum's Furniture Co.*, 459 Fed. Appx. at 369 (affirming district court's entire summary judgment for insurer, including prompt payment claim, based on timely payment of appraisal award); *Breshears*, 155 S.W.3d at 344; *Bernstien*, 2015 Tex. App. LEXIS 6699, at *3; *Amine v. Liberty Lloyds of Tex. Ins. Co.*, No. 01-06-00396-CV, 2007 Tex. App. LEXIS 6280, at *4-7 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Dizdar v. State Farm Lloyds, et al.,* No. 7:14-CV-00102, 2016 U.S. Dist. LEXIS 13355, at *18-19 (S.D. Tex., Feb. 4, 2016) (Alvarez, J.) ("In Texas, courts have constantly held that

timely paid the appraisal award, [the insured] is precluded from maintaining her prompt payment claim as a matter of law."[54] As explained in *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, "when the appraisal clause is invoked, a delay in payment pursuant to the appraisal process does not constitute a §542.058 violation."[55] Similarly, as explained in *Scalise v. Allstate Texas Lloyds* "an insurer commits no prompt payment violation when it submits to the delay inherent in the contractual appraisal process (in this case, invoked by the insured) before paying all covered damages determined by that process."[56] When the insured in *Gabriel v. Allstate Texas Lloyds* argued that Allstate breached the prompt-payment requirements of Chapter 542 "by failing to pay the appraisal-determined amount of loss during the initial adjustment of the claim," the court was clear: "these arguments misinterpret the relevant authorities and are vitiated by the policy, statute, and record."[57]

21. Because State Farm timely issued payment of the appraisal award, there is no violation of the Texas Insurance Code's prompt payments deadlines. Thus, State Farm is entitled to summary judgment on Plaintiff's claim for alleged violations of Chapter 542 of the Texas Insurance Code.

---

'full and timely payment of the appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law'").

[54] *Anderson*, 2016 Tex. App. LEXIS 6538, at *13.

[55] *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.,* 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012); *see also Blum's*, 459 Fed. Appx. at 369 (affirming district court's entire summary judgment for insurer, including prompt payment claim, based on timely payment of appraisal award).

[56] *Scalise*, 2013 U.S. Dist. LEXIS 179692, at *18–19.

[57] *Gabriel v. Allstate Tex. Lloyds*, No. 7:13-CV-181, 2013 U.S. Dist. LEXIS 186032, at *21 (S.D. Tex. Nov. 1, 2013).

# V.
# PRAYER

22. By participating in the appraisal process, the parties agreed the appraisal award would "set the amount of loss." Appraisal has concluded and a binding appraisal award was issued setting the amount of loss, for which State Farm timely issued payment. Because Plaintiff is not entitled to any additional benefits, Plaintiff cannot maintain a breach of contract action, and. Plaintiff's extra-contractual claims are meritless. Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims alleged in this suit.

23. Defendants respectfully request that the Court grant summary judgment in favor of Defendants on all of Plaintiff's claims. Defendants further pray for all other relief the Court finds just and equitable.

Respectfully Submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.

By /s/ Brian M. Chandler
Brian M. Chandler, Attorney-in-Charge
bmc@ramey-chandler.com
State Bar No. 04091500
Federal Bar No. 7660
Ronald P. Schramm
rps@ramey-chandler.com
State Bar No. 17810385
Federal Bar No. 174875
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 266-0074
Facsimile: (713) 266-1064

ATTORNEY FOR DEFENDANTS
STATE FARM LLOYDS AND
RICHARD LEE WALLIS

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by electronic filing and/or certified mail, return receipt requested, facsimile or hand delivery on September 1, 2017, as follows:

J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027
713-861-6616 telephone
713-861-8084 facsimile
Email: jsmostyn@mostynlaw.com


*/s/ Brian M. Chandler*
Brian M. Chandler